# CHARLESTON.

## HARVEY *v.* CURRY.

### BRANNON, JUDGE, *dissenting*.

Submitted January 17, 1900—Decided April 7, 1900.

1. MARRIED WOMAN—*Separate Estate—Charge Thereon.*

   A purchase money note, specifying therein the property on which it is a lien, signed and acknowledged by a married woman, and duly recorded, is not evidence sufficient of a general charge against her separate estate, under section 12, chapter 109, Acts 1891 (Code, chapter 66). (pp. 802-803).

Appeal from Circuit Court, Cabell County.

Bill by H. C. Harvey against Emily J. Curry. Decree for defendant, and plaintiff appeals.

*Affirmed.*

CAMPBELL, HOLT & CAMPBELL, for appellant.
MARCUM, MARCUM & SHEPHERD, for appellee.

DENT, JUDGE:

H. C. Harvey, executor, etc., appeals from a decree of the circuit court of Cabell County, rendered in a chancery cause in which he was plaintiff and Emily J. Curry was de-

fendant.   The facts are as follows, taken from the brief of plaintiff's counsel: "On the 1st day of December, 1892, petitioner's testator, then in life, was seised and possessed of certain lots in Milton, Cabell County, West Virginia, with a hotel situated thereon.   He sold, and by deed conveyed the same to Emily J. Curry, then and now the wife of B. F. Curry, for the consideration of one thousand five hundred dollars, evidenced by five promissory notes, for three hundred dollars each, payable in one, two, three, four, and five years, with interest.   On the same day, the said Emily J. Curry and husband conveyed said real estate to one Rufus Switzer, in trust to secure the payment of said notes.   The grantee took possession of said hotel property, and opened business in her own name.   Each of said five promissory notes was acknowledged by the said Emily J. Curry before a notary public, and they were admitted to record in the clerk's office of the county court of Lincoln County.   She failed to pay the first installment of the purchase money, and the testator, then in life, instituted suit in chancery, on the 26th day of March, 1894, in the circuit court of Lincoln County, seeking to collect that installment out of the separate real estate of the said Emily J. Curry, situated in said Lincoln County.   A decree subjecting the rents and profits of said real estate was entered by default, but was afterwards set aside on motion.   The testator having died, on the 17th day of November, 1897, your petitioner, as executor, filed an amended bill and bill of revivor.   The case was then transferred to the circuit court of Cabell County, by consent of parties. Emily J. Curry then appeared to the amended bill, and demurred to the same, and the court sustained the demurrer, and dismissed the bill, with costs.   The deed of trust, and the notes for the deferred installments of the purchase money, were executed when chapter 66 of the Code, as amended by the Acts of 1891, was in force.   After the original bill had been filed, and before the death of the testator, the real estate was sold under the deed of trust, bringing one thousand dollars, which, after paying the costs of the sale, was applied to the fourth and fifth notes and their extinguishment, and the balance credited on the third note, leaving the first and second notes, and a por-

tion of the third, remaining unpaid. The debt sought to be collected was for purchase money of real estate conveyed to her, as her sole and separate property. Her promise to pay the same was evidenced by writings signed by her, to wit, the deed of trust and the notes; and they were both acknowledged and recorded, as required by section 12 of chapter 66, as amended by the Acts of 1891, and they show upon their face for what said debt was created. The bill also shows that she is the owner of separate real estate in Lincoln County, the rents and profits of which petitioner was seeking to subject to the payment of said debts. The court below sustained the demurrer upon the ground that there should have been some express language by Emily J. Curry, either in the notes or deed of trust, expressing an intention to charge her separate property, real and personal, and the rents, issues, and profits thereof, to the payment of said debt."

The deed of trust, having been given to cover the specific property therein conveyed, cannot be held to cover or apply to any other property, but must be confined to the property covered thereby. The notes being secured thereby, presumptively shows an intention by the grantor and obligor not to charge any other property with their payment. The only question, then, presented is whether the law makes the notes a charge on the obligor's general separate estate, without any expressed intention to do so on her part, under section 12, chapter 66, Acts 1891. The notes are in the following form, to wit:

"$300.00.

"Two years after date I promise to pay to the order of Ro. T. Harvey, three hundred dollars, with interest from date (interest payable annually). This note is given as part of the purchase money for the hotel property in the town of Milton, West Virginia, this day conveyed to me as for my separate estate by said Ro. T. Harvey.

"Witness my hand this 1st day of December, 1892.

her
"EMILY J. x CLARK.
mark

"Executed and acknowledged before the subscriber this 1st day of Decem. 1892.

"T. M. Smith, N. P."

It certainly seems plain from the reading of the statute that it was not the intention of the legislature to leave so important a matter open to question, but that the language used was to put it beyond cavil or dispute. It is equivalent to saying that a married woman may charge her separate property and estate, real and personal, and the rents, issues, profits, and increase thereof, by a writing duly executed and acknowledged by her, and duly recorded in the proper clerk's office, stating the amount of the debt and for what it was created. The execution and acknowledgment of a note does not evidence any intention on her part to charge her general separate estate, especially when specific property is therein mentioned on which such note is to be a lien. Had she intended so to do, it would have been so provided in the deed of trust. The same section permits her to charge her separate estate for the wages of a domestic or laborer, or for the necessaries of life for herself or children, by the mere contraction of a debt for these purposes. So that the execution and acknowledgment of the writing for the other specified purposes is not to show the amount of the debt, and for what purpose it was created, as these things, as in the other cases mentioned, could be easily established by extraneous evidence; but that, being for the purpose and the amount mentioned, she is willing and does make the same charge against her separate estate, thus acting advisedly and with full knowledge of the facts. The object of the law being to prevent her separate estate being devoured by charges against the same without her express will or consent, except as to the wages of domestic or laborer, or for necessaries for herself or children, the charge may be so implied. It is the charge made by her that is to be evidenced by a writing showing the amount and purpose, and such charge is not to be left to implication; otherwise, acknowledgment would be wholly unnecessary.

*Affirmed.*

BRANNON, JUDGE, (*dissenting*):

I think that, as both deed of trust and notes show what the debt was contracted for, and that it was such a debt as the married woman was by the act of 1891 allowed to

contract, and those instruments were recorded, the debt binds all her estate.　Before that act no one would question this, and that act only intended to curtail her contracting capacity by limiting it to certain debts, and this, being a debt allowed by the act, has the force of a debt made before that act.　Notice that the act does not say that the instrument to charge shall specify the property charged, but only the amount of the debt, and for what contracted.　A debt created for one piece of separate estate binds all, to be enforced by proper process.　If contracted before chapter 3, Acts 1893, I think by chancery, to subject rents and profits during coverture; if after that act, by judgment binding the *corpus* or fee as a lien to be enforced by execution against personalty or in equity against her land.　*Williamson* v. *Cline*, 40 W. Va. 194, (20 S. E. 917); *Oney* v. *Ferguson*, 41 W. Va. 568, (23 S. E. 710).